IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**CONNIE HEARN**                                                                                          **PLAINTIFF**

**VERSUS**                                                          **CIVIL ACTION NO. 4:07CV171-P-B**

**MISSISSIPPI DEPARTMENT OF**
**REHABILITATION SERVICES, et al**                                                        **DEFENDANTS**

## ORDER

This cause is before the Court on the defendants' Motion to Dismiss. The Court, having reviewed the motion, the briefs of the parties, the authorities cited and being otherwise fully advised in the premises, finds as follows, to-wit:

Hearn cannot maintain an action against defendants Rimmer and Williams pursuant to Title VII. The law is clear that Title VII provides recovery only against employers and not against individuals. Indest v. Freeman Decorating, Inc., 164 F.3d 258, 262 (5th Cir. 1999); Pfau v. Reed, 125 F.3d 927, 935-36 (5th Cir. 1997).

With regard to the Mississippi Department of Rehabilitation Services, Hearn failed to bring her claim in a timely fashion. A Title VII claimant has ninety days to file a civil action after receipt of a statutory notice of right to sue from the EEOC. Nilsen v. City of Moss Point, Miss., 674 F.2d 379, 381 (5th Cir. 1982). The EEOC issued plaintiff a Dismissal and Notice of Right letter on July 10, 2007. Applying a liberal seven (7) days presumption of receipt, Taylor v. Books-A Million, 296 F.3d 376, 379 (5th Cir. 2002), the statute of limitations began to run on July 18, 2007. Accordingly, plaintiff had to file her suit no later than October 15, 2007. Plaintiff filed her application to proceed in forma pauperis and for appointment of an attorney on October 10, 2007. Magistrate Eugene M.

Bogen denied her request by Order entered November 7, 2007. Assuming the limitations period is tolled during the pendency of an unsuccessful IFP application[1], plaintiff would have had until December 13, 2007 to pay the applicable filing fee.[2] She did not do so until February 4, 2008. Accordingly, the Court concludes that Hearn failed to comply with the ninety (90) day filing requirement. Dismissal is appropriate.

IT IS, THEREFORE, ORDERED AND ADJUDGED that the defendants' Motion to Dismiss is well-taken and should be, and hereby is, GRANTED. IT IS FURTHER ORDERED that this action should be, and hereby is, DISMISSED WITH PREJUDICE.

SO ORDERED, this the 24th day of March, 2009.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE

---

[1] This is an issue the Fifth Circuit has not yet addressed. But see Fletcher v. Apfel, 210 F.3d 510 (5th Cir. 2000).

[2] The December 13, 2007 deadline is arrived at by adding the twenty-eight (28) days during which the IFP application remained pending, an additional three (3) days for mailing of the Order pursuant to F.R.C.P. 6(d), and the five (5) days remaining on the limitations period at the time Hearn filed her IFP application.